**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANNA DEMARCO,      :
                 :      **CIVIL ACTION NO.:**
        *Plaintiff,*    :
                 :          19     5025
    vs.             :
                 :
URBAN OUTFITTERS, INC.,    :
                 :
      *Defendant.*    :

**FILED**
**OCT 25 2019**
KATE BARKMAN, Clerk
By_____Dep. Clerk

<u>**COMPLAINT AND JURY DEMAND**</u>

**I.**    <u>**PRELIMINARY STATEMENT:**</u>

     1.     This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Anna DeMarco ("Plaintiff DeMarco"), a former employee of Urban Outfitters, Inc. ("Defendant"), who has been harmed by the Defendant's unlawful employment practices.

     2.     This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended ("Title VII"), 42 U.S.C. §2000(e), <u>et seq.</u>, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S §951, <u>et seq.</u>

**II.**    <u>**JURISDICTION AND VENUE:**</u>

     3.     The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §1331 and §1391 as Plaintiff DeMarco's claims are substantively based on Title VII.

     4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff DeMarco's claims arising under the PHRA.

OCT 25 2019

5.     All conditions precedent to the institution of this suit have been fulfilled. On July 30, 2019 the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue.  This action has been filed within ninety (90) days of receipt of said notice.

## III.   PARTIES:

6.     Plaintiff, Anna DeMarco, is a thirty-nine (39) year old female and citizen of the Commonwealth of Pennsylvania, residing therein at 170 Atherton Drive, Exton, Pennsylvania, 19341.

7.     Defendant, Urban Outfitters, Inc., is a corporation, maintaining a place of business located at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112.

8.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant is and has been a "person" and an "employer" as defined under Title VII and the PHRA, and is accordingly subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS:

10.    Plaintiff DeMarco, a thirty-nine (39) year old female, was employed by the Defendant from on or about July 20, 2009 until on or about March 23, 2018, the date of her unlawful termination.

11.    During her employment with the Defendant, Plaintiff DeMarco held the position of Card Service Administrator.  Plaintiff DeMarco's position entailed engaging

2

in vendor services such as vendor on-boarding and creating accounts for vendors. At this time, Plaintiff DeMarco was afforded the flexibility to complete all of her job responsibilities from home if need be.

12.     By way of background, Plaintiff DeMarco reported to Accounts Payable Supervisor, Jennifer Pasquerello ("Pasquerello"), and Pasquerello's supervisor, Accounts Payable Senior Manager, Tammy White ("White").

13.     At all times relevant hereto, Plaintiff DeMarco maintained an excellent job performance rating in said position and consistently received positive feedback in her annual reviews. Plaintiff DeMarco consistently was rated as "meets expectations" or "exceeds expectations" in all areas of her job responsibilities.

14.     By way of background, in or about February 2016, Plaintiff DeMarco disclosed to the Defendant that she was pregnant.

15.     In or about May 2016, when Plaintiff DeMarco was pregnant, White derogatorily commented in Plaintiff DeMarco's presence that "whenever women come back from maternity leave, their priorities seem to be at home. They can't wait until 5:00 P.M. to get out the door," evidencing her penchant for discrimination against females based on their family responsibilities.

16.     In or about July of 2016, Defendant denied Plaintiff DeMarco the ability to work from home. The Defendant did not similarly prohibit similarly situated non-pregnant individuals from working from home.

17.     White made additional discriminatory comments when Pasquerello and Accounts Payable Supervisor Doris Ruiz ("Ruiz") were pregnant; when Plaintiff

3

DeMarco mentioned to White that it appeared that Ruiz was having a hard time, White

retorted, "she asked for it." Immediately thereafter, Pasquerello commented to Plaintiff

DeMarco, "you know how [White] feels about us having babies," thereby confirming

White's discriminatory animus.

18.     Plaintiff DeMarco utilized maternity leave from in or about August 2016

until in or about October 2016. Following her return to work in or about October 2016,

the Defendant subjected Plaintiff DeMarco to discriminatory treatment on the basis of her

sex (female) and her status as a new mother and resultant family responsibilities.

19.     By way of example, the Defendant immediately informed Plaintiff

DeMarco that fifty percent (50%) of her job responsibilities were going to remain with

Natasha Smith ("Smith"), Accounts Payable Representative, who had covered Plaintiff

DeMarco's responsibilities while she was on leave. Significantly, at the time, Smith was

not a mother and thus did not have any family responsibilities, unlike Plaintiff DeMarco.

White additionally completely stripped Plaintiff DeMarco of her vendor on-boarding

duties, which she had been performing excellently and without negative critique for

seven (7) years.

20.     As a result of said demotion, Plaintiff DeMarco proactively sought an

explanation from White as to why the terms and conditions of her employment had

changed so abruptly. By way of response, White commented that the job was "detail

oriented," explaining that "these types of duties require a lot of attention, and I'm not

sure if your head is in the right place for that, since your priorities are in other places,"

and "I don't know if someone in your situation can handle it," implying that due to

Plaintiff DeMarco's new status as a mother, she was preoccupied by her family responsibilities and thus not prioritizing her job responsibilities. Plaintiff DeMarco immediately assured White that she remained dedicated to her work and would be adequately able to fulfill her job responsibilities.

21.     In addition to demoting Plaintiff DeMarco as aforesaid, in or around October 2016, White prohibited Plaintiff DeMarco from working from home, and indicated that she would never be able to work from home again. White so precluded Plaintiff DeMarco from working from home based on the Defendant's erroneous perception that she would be too distracted to work from home. Plaintiff DeMarco believes that no legitimate business reason existed for the change in her job responsibilities and that White took such action based on Plaintiff DeMarco's sex (female) and family responsibilities as a mother.

22.     As aforementioned, up until Plaintiff DeMarco gave birth, her reviews were exemplary and focused solely on her current projects; she was frequently commended as being an essential member of the team. After Plaintiff DeMarco gave birth, however, the focus of her reviews shifted dramatically and unnecessarily to her family responsibilities rather than her consistently excellent performance.

23.     On or around January 30, 2017, White mistakenly believed that Plaintiff DeMarco had missed a deadline, and scolded Plaintiff DeMarco in the presence of her coworkers, "we won't be making extensions for you." Later that day, after Pasquerello informed White that Plaintiff DeMarco had not allowed said deadline to lapse, White emailed Plaintiff DeMarco, "I apologize for ... being crazy this morning." White did not

5

similarly admonish similarly situated individuals who were not mothers.

24.     In or around June 2017, Plaintiff DeMarco's mother, who was in hospice, passed away.  Plaintiff DeMarco had already exhausted her FMLA leave time due to taking maternity leave, so she requested one week of unpaid leave following her mother's unfortunate death.  White continually expressed her displeasure regarding this time off and even criticized Plaintiff DeMarco for said leave during her annual review at the end of 2017.  Plaintiff DeMarco believes that had she not taken maternity leave within twelve months prior to her mother's death, White would not have treated her so unkindly and unprofessionally.

25.     Additionally, by way of background, the Defendant permitted employees to take paid time off in two (2) hour increments.  In or around March 2018, however, the Defendant informed Plaintiff DeMarco that she was no longer permitted to utilize the two (2) hour increments.  Notably, the Defendant continued to approve the two (2) hour increments for similarly situated employees without family responsibilities.

26.     Additionally, two weeks prior to Plaintiff DeMarco's termination, in or around March 2018, Plaintiff DeMarco disclosed to Pasquerello that she had been having serious stomach issues, and her doctor advised her to get a colonoscopy and endoscopy to rule out serious illnesses before getting pregnant again.  Pasquerello inquired whether Plaintiff DeMarco was trying to get pregnant again, to which Plaintiff DeMarco disclosed that indeed she was.  Pasquerello gave Plaintiff DeMarco permission to book the doctor's appointment for on or about March 22, 2018.

6

27.    On or about March 20, 2018, the Defendant informed employees that the office would be closed on or about March 21, 2018 due to an impending snow storm. Since Plaintiff DeMarco would not have access to the office on either March 21 due to the closure or March 22 due to her appointment, and since she could no longer perform her work duties from home, Plaintiff DeMarco requested of Pasquerello an extension on a project on which she was working. Pasquerello granted said extension request.

28.    On or about March 23, 2018, when Plaintiff DeMarco returned to work, the Defendant abruptly terminated her employment.  White informed Plaintiff DeMarco that her job title had been eliminated, yet, curiously, when Plaintiff DeMarco asked White why her job title was being eliminated, White refused to provide Plaintiff DeMarco with an answer.

29.    Significantly, Plaintiff DeMarco's job responsibilities were divvied up among employees who did not have any family responsibilities, including temporary and short tenured employees with significantly less experience than Plaintiff DeMarco.

30.    Further, Plaintiff DeMarco precluded from applying for another position within the department.

31.    Plaintiff DeMarco believes and avers that the Defendant's discriminatory actions, as aforesaid, were motivated solely by reason of Plaintiff DeMarco's status as a new mother and her resultant family responsibilities.

32    Upon information and belief, the Defendant replaced Plaintiff DeMarco with an individual who does not have family responsibilities.

## COUNT I
### (Title VII – Sex Discrimination, Status as a Mother, and Resultant Family Responsibilities)
### Plaintiff DeMarco v. Defendant

33.   Plaintiff DeMarco hereby incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth herein.

34.   The actions of Defendant, through its agents, servants and employees, as aforesaid, were discriminatory and retaliatory in nature and motivated by reason of Plaintiff DeMarco's sex (female), her status as a mother, and her resultant family responsibilities, in violation of Title VII.

35.   As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff DeMarco sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36.   As a further direct result of the aforesaid unlawful discriminatory practices engaged in by Defendant in violation of Title VII, Plaintiff DeMarco suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA – Sex Discrimination, Status as a Mother, and Resultant Family Responsibilities)
### Plaintiff DeMarco v. Defendant

37.   Plaintiff DeMarco incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth at length herein.

38.   The actions of the Defendant, through its agents, servants and employees,

8

as aforesaid, were discriminatory and retaliatory in nature and motivated by reason of Plaintiff DeMarco's sex (female), status as a mother, and her resultant family responsibilities in violation of the PHRA.

39.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff DeMarco sustained permanent and irreparable harm, resulting in her termination, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff DeMarco suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

41.    Plaintiff DeMarco incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff DeMarco requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.    the Defendant compensate Plaintiff DeMarco with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.    the Defendant pay to Plaintiff liquidated damages;

9

c.      the Defendant compensate Plaintiff DeMarco with an award of front pay, if

appropriate;

d.      the Defendant pay Plaintiff DeMarco punitive damages, compensatory

damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss

of enjoyment of life and other nonpecuniary losses as allowable;

e.      the Defendant pay to Plaintiff DeMarco, pre- and post- judgment interest,

costs of suit and attorney and expert witness fees as allowed by law;

f.      the Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff DeMarco demands trial by jury.


                              SIDNEY L. GOLD & ASSOC., P.C.

                    By:       _____
                              /s/ Sidney L. Gold, Esquire SG1387
                              SIDNEY L. GOLD, ESQUIRE
                              I.D. NO.: 21374
                              1835 Market Street, Ste. 515
                              Philadelphia, PA 19103
                              215.569.1999
                              Attorneys for Plaintiff

DATED:  October 25, 2019

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE 10-24-19

_____
ANNA DiMARCO, PLAINTIFF

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19-cv-5025

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
ANNA DEMARCO

## DEFENDANTS
URBAN OUTFITTERS, INC

**19  5025**

**(b)** County of Residence of First Listed Plaintiff   CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L Gold, Esquire
Sidney L Gold & Assoc , P C
1835 Market St , Suite 515 Phila , PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U S Government Not a Party)*
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
TITLE VII, PHRA
Brief description of cause

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R CV P

DEMAND $
150,000 00  in excess

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE
10/25/2019

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG JUDGE

OCT 25 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   5025

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _____ 170 Atherton Drive, Exton, PA 19341

Address of Defendant _____ 5000 S  Broad Street, Philadelphia, PA 19112

Place of Accident, Incident or Transaction _____ 5000 S. Broad Street, Philadelphia, PA 19112

---

**RELATED CASE, IF ANY**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 10/25/2019        /s/ Sidney L Gold, Esq.        21374
                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney ID # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A**   *Federal Question Cases*

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☑ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☑ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10  Social Security Review Cases
☐ 11  All other Federal Question Cases
       *(Please specify)* _____

**B**   *Diversity Jurisdiction Cases*

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _____
☐ 7  Products Liability
☐ 8  Products Liability   Asbestos
☐ 9  All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought

OCT 25 2019

DATE 10/25/2019        /s/ Sidney L  Gold, Esq        21374
                        *Attorney at Law · Pro Se Plaintiff*        *Attorney I D  # (if applicable)*

OCT 25 2019

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ANNA DEMARCO

           v

URBAN OUTFITTERS, INC.

CIVIL ACTION

**19**  **5025**

NO

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants  (See § 1 03 of the plan set forth on the reverse side of this form )  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U S C  § 2241 through § 2255        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53 2  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court  (See reverse side of this form for a detailed explanation of special
management cases )        ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks    (☑)

| | | |
|---|---|---|
| 10/25/2019 | /s/ Sidney L  Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 25 2019